IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv52

| | | |
|---|---|---|
| SHEILA D. BURNETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AUSTIN MEDICAL, INC. and | ) | |
| THOMAS M. HUTTO, JR., | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion to Strike [#5]. Plaintiff brought this action against Defendants alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Plaintiff also brought claims for wrongful termination under North Carolina law. Defendants move to strike paragraphs 39 and 40 of the Complaint pursuant to N.C. Gen. Stat. § 96-4(t)(8) (2007). Plaintiff did not file a response to Defendants' motion. The Court **DENIES** Defendants' Motion to Strike [#5].

**I.     Analysis**

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). Federal courts generally view motions to strike

-1-

with disfavor. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1380 (3d ed. 1990). A defendant moving to strike portions of a plaintiff's complaint must file its motion to strike prior to responding to the complaint. See Fed. R. Civ. P. 12(f)(2).

Defendants served their Answer to the Complaint on March 11, 2011. (Defs.'Answer at p. 15.) Four days later, Defendants filed and served their Motion to Strike. (Defs.' Mot. Strike at p. 3.) Because Defendants filed their motion to strike after responding to the pleading they seek to strike, Defendants' motion is untimely. See Fed. R. Civ. P. 12(f)(2). Accordingly, the Court **DENIES** Defendants' Motion to Strike [#5].

## II. Conclusion

The Court **DENIES** Defendants' Motion to Strike [#5].

Signed: April 13, 2011

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge