IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv52

| | |
|---|---|
| SHEILA D. BURNETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| AUSTIN MEDICAL, INC. and ) | |
| THOMAS M. HUTTO, JR., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendants' Motion to Dismiss [#3]. Plaintiff brought this action against Defendants alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Plaintiff also brought claims for wrongful termination under North Carolina law. Defendants move to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Defendants contend that the Court lacks jurisdiction over the Title VII claims and state law claims against Defendant Austin Medical, Inc. ("Austin Medical"). Defendants move to dismiss the remaining claims for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff did not file a response to Defendants' motion. The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** Defendants' Motion to Dismiss [#3].

-1-

## I. Background

Plaintiff is a white female and resident of North Carolina. (Pl.'s Compl. ¶ 6.) Defendant Austin Medical is a Florida corporation. (Id. ¶ 7.) Defendant Hutto, who is also a resident of Florida, is the sole owner of Defendant Austin Medical. (Id. ¶¶ 10-11.)

Plaintiff began working for Defendant Austin Medical as a Quality Assurance employee at its Waynesville, North Carolina facility in 2009. (Pl.'s Compl. ¶¶ 6 & 16-17.) In early 2010, Defendant Austin Medical hired Jeremy West to work with Plaintiff. (Id. ¶ 20.) Plaintiff alleges that Mr. West made inappropriate comments regarding her anatomy (Id. ¶ 23), touched her inappropriately, made unwelcome advances (Id. ¶ 25), discussed his genitals with her (Id. ¶ 30), and exposed his genitals to her (Id. ¶ 32). Plaintiff reported some of these actions to her supervisors. (Id. ¶¶ 27 & 33.) Subsequently, Defendant Austin Medical terminated Plaintiff's employment. (Id. ¶ 37.) Approximately three months later, Florida's Secretary of State administratively dissolved Defendant Austin Medical. (Id. ¶ 8.)

Plaintiff then filed a charge of discrimination with the EEOC alleging that she was discriminated against based on her sex and that Defendant Austin Medical retaliated against her for reporting these incidents to management. (Id. ¶ 47.) After the EEOC issued Plaintiff a Right to Sue letter, she brought this action against

Defendant Austin Medical alleging violations of Title VII, Section 1981, and North Carolina law. In addition, Plaintiff contends that Defendant Hutto is liable for the actions of Austin Medical and its employees because he is the sole owner of the company and failed to observe corporate formalities, including maintaining and filing the necessary paperwork with the States of Florida and North Carolina. (Id. ¶¶ 43-45.) Defendants move to dismiss the Complaint in its entirety. Defendants' motion is now properly before the Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

In considering a defendant's Rule 12(b)(1) motion challenging the factual basis

for subject matter jurisdiction, the burden of proving jurisdiction lies with the plaintiff. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. Accordingly, a court evaluating a Rule 12(b)(1) motion should apply the summary judgment standard pursuant to which the nonmoving party must set forth specific facts beyond the pleadings in order to demonstrate that a material question of fact exists as to a jurisdictional fact. Id. "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

**III.    Analysis**

**A.    The Title VII Claims against Defendant Austin Medical**

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). Congress defined the term "employer" to include only those entities or individuals that have at least fifteen employees. 42 U.S.C. § 2000e(b). Defendants contend that the Court lacks subject matter jurisdiction over the Title VII claims against Defendant Austin Medical because it does not have at least fifteen employees. In support of its

motion to dismiss under Rule 12(b)(1), Defendants attached the affidavit of Defendant Hutto, which states that Austin Medical has not employed fifteen or more employees in twenty or more calender weeks in the past four years. (Hutto Aff. ¶ 4, Mar. 11, 2011.)

Defendants' argument, however, is foreclosed by the Supreme Court's decision in Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235 (2006). In Arbaugh, the Supreme Court settled a split among the circuits as to whether the number of employees for purposes of defining an employer under Title VII is jurisdictional or an element of a plaintiff's claim. Id. at 503, 126 S. Ct. 1238. The Supreme Court held "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 516, 126 S. Ct. at 1245. Since the numerical threshold is not jurisdictional, Rule 12(b)(6), not Rule 12(b)(1), is the proper vehicle for challenging the allegations in the Complaint that Defendant Austin Medical is an employer under Title VII. See Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(b)(1). The Court, therefore, cannot consider the affidavit of Defendant Hutto without converting the motion to dismiss into one for summary judgment. Fed. R. Civ. P. 12(b)(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

judgment under Rule 56."). The Court declines to convert the motion to dismiss into a summary judgment motion and excludes from its consideration the affidavit of Defendant Hutto.

The Complaint alleges that Defendant Austin Medical is an employer as that term is defined in Title VII, and that it employees more than fifteen employees. (Pl.'s Compl. ¶ 13.) Although Defendants may challenge Plaintiff's allegations at the summary judgment stage by demonstrating that there is no question of material fact as to whether Defendant Austin Medical employed the requisite number of employees to be considered a covered employer under Title VII, Plaintiff has met her burden under Rule 8. Because the Court has subject matter jurisdiction over the Title VII claims, and the Complaint states a claim for relief against Defendant Austin Medical pursuant to Title VII, the Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss as to the Title VII claims asserted against Defendant Austin Medical.

### B. The Wrongful Termination Claim against Defendant Austin Medical

Defendants also move to dismiss the state law wrongful termination claims against Defendant Austin Medical pursuant to Rule 12(b)(1) on the same grounds as the Title VII claims. In order state a claim under Section 143-422.2, a plaintiff

must allege that the employer regularly employees fifteen or more employees. N.C. Gen. Stat. § 143-422.2 (1977); Jarman v. Deason, 618 S.E.2d 776 (N.C. Ct. App. 2005). Defendants contend that the Court lacks jurisdiction over the wrongful termination claims because Defendant Austin Medical does not in fact employ fifteen or more employees. Defendants' argument, like their contention that the Court lacks jurisdiction over the Title VII claims, is premature. See e.g. Jarman, 618 S.E.2d at 777-78 (holding that plaintiff who specifically alleged that the defendant did <u>not</u> employ 15 employees failed to state a claim for relief and dismissal was proper under Rule 12(b)(6)). Plaintiff alleges that Defendant Austin Medical employed fifteen or more employees. Accordingly, the Complaint states a claims for relief for wrongful discharge under North Carolina law against Austin Medical. The Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss as to the wrongful discharge claims against Defendant Austin Medical.

    C.    **The Section 1981 Claims against Defendants**

Plaintiff asserts claims pursuant to 42 U.S.C. § 1981 against Defendants. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . . 42 U.S.C. § 1981(a). The

Supreme Court has construed Section 1981 to outlaw racial discrimination. Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609, 107 S. Ct. 2022, 2026 (1987). "The references to the same rights as enjoyed by 'white citizens' does not protect, under this statute, against discrimination on the basis of gender, religion, disability, age, political affiliation or national origin." Schilling v. Rutherford Pediatrics, P.A., 346 F. Supp. 2d 828, 836 (W.D.N.C. 2004) (Thornburg, J.). Plaintiff only alleges gender discrimination; the Complaint does not contain any allegations of racial discrimination. Absent allegations of racial discrimination, Plaintiff cannot state a claim for relief under Section 1981, and her claims are subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss as to the Section 1981 claims.

### D. The Title VII Claims against Defendant Hutto

Plaintiff also asserts Title VII claims against Defendant Hutto. As a general rule, an individual supervisor may not be held liable under Title VII.[1] Lissau v. Southern Food Serv., Inc., 159 F. 3d 177, 181 (4th Cir. 1998); Buckner v. Gen. Signal Tech. Corp., 163 F. Supp. 2d 617, 626 (W.D.N.C. 2000) (Cogburn, Mag. J.). An

---

[1] Plaintiff also asserts a wrongful discharge claim under North Carolina law against Defendant Hutton. Like Title VII, Section 143-422.2 does not apply to an individual supervisor. Cox. v. Indian Head Indus., Inc., 187 F.R.D. 531, 535-56 (W.D.N.C. 1999) (Thornburg, J.).

individual, however, may be liable if he or she constitutes an employer within the meaning of the statute. See 42 U.S.C. §2000e; Mayes v. Moore, 419 F. Supp. 2d 775, 790 (M.D.N.C. 2006) ("Within this circuit, individual supervisors, unless they are otherwise an employer under the statute, are not liable for Title VII claims."). Moreover, an individual who is not the formal employer of a plaintiff under the statute can, in limited circumstances, be a proper defendant under Title VII under a piercing the corporate veil theory. Mayes, 419 F. Supp. 2d at 780; see also Worth v. Tyler, 276 F.3d 249, 259-260 (7th Cir. 2001) (holding that a piercing the corporate veil theory can render an entity that does not maintain a formal employment relationship with the plaintiff a proper defendant under Title VII). As the United States District Court for the Middle District of North Carolina explained:

> This rule's rationale is fairness. Normally, a shareholder is not liable for the corporate liability. If the shareholder controlled and used the corporate form inequitably, then the controlling shareholder is, in equity, the party that should pay the liability. The individual is responsible for the Title VII violation not because he committed the violation but because he unfairly used the corporate form; thus, he should not receive the usually attendant "limited liability" afforded to shareholders.

Mayes, 419 F. Supp. 2d at 780.

Substantial ownership of a corporation by one individual is not sufficient to pierce the corporate veil. Cancun Adventure Tours, Inc. v. Underwater Designer Co., 862 F.2d 1044, 1047 (4th Cir. 1988). Rather, the party seeking to pierce the corporate

veil must demonstrate some abuse of the corporate form. See DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 685-86 (4th Cir. 1976) (outlining the factors for courts to consider prior to disregarding the corporate form); Ost-West-Handel Bruno Bischoff GmbH v. Project Asia Line, Inc., 160 F.3d 170, 174 (4th Cir. 1998). In addition, piercing the corporate veil must be necessary to prevent an injustice or fundamental unfairness. DeWitt, 540 F.2d at 687; Mayes, 419 F. Supp. 2d at 781.[2]

The Complaint contains no factual allegations that Defendant Hutto is Plaintiff's employer. Moreover, Plaintiff has not pled sufficient factual allegations supporting a claim that the Court should disregard the corporate form of Defendant Austin Medical and hold its sole owner liable under Title VII or North Carolina law. Plaintiff alleges that Defendant Hutto is the registered agent, Officer/Director of record, and sole owner of Defendant Austin Medical. (Pl.'s Compl. ¶ 11.) In addition, she alleges that Defendant Austin Medical "failed to maintain and file necessary paperwork to maintain the legal liability afforded by a Corporation" and failed to file for foreign corporation status with the North Carolina Secretary of State.

---

[2] Similarly, under North Carolina law, a plaintiff must demonstrate the exercise of dominion and control over the corporation so as to make disregarding the corporate form necessary to prevent fraud or achieve equity. Fischer Inv. Capital, Inc. v. Catawba Dev. Corp., 689 S.E. 2d 143, 147- 48 (N.C. Ct. App. 2009).

(Pl.'s Compl. ¶¶ 48-49.) The Complaint, however, does not contain allegations that Defendant Austin Medical was undercapitalized, that Defendant Hutton co-mingled assets, or any other factual allegations sufficient to find that disregarding the corporate form, and imposing liability directly on Defendant Hutton, is necessary to prevent an injustice. See DeWitt, 540 F.2d at 685-86. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss as to the Title VII and wrongful discharge claims against Defendant Hutton.

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** Defendants' Motion to Dismiss [#3]. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to the Title VII and wrongful discharge claims against Defendant Hutton and the Section 1981 claims against both Defendants. The Court **RECOMMENDS** that the District Court **DENY** the motion as to the Title VII and wrongful discharge claims against Defendant Austin Medical.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation

contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: April 14, 2011

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge